IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR-RAUL RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2031-K-BN |
| | § | |
| CONNIE M. HICKMAN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edgar-Raul Ramirez filed a *pro se* verified complaint for damages under 42 U.S.C. § 1983 based on alleged violations of the Constitution related to criminal proceedings against him in Navarro County, Texas. *See* Dkt. No. 3.

United States District Judge Ed Kinkeade referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Ramirez then paid the $402 filing fee. And he answered the Court's questionnaire. *See* Dkt. Nos. 5 & 7.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the claims asserted against state judicial officers and their employees with prejudice as barred by immunities and dismiss the remaining claims without prejudice, as Ramirez's civil claims are also currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**Applicable Background**

Ramirez's verified complaint begins with a February 25, 2023 traffic stop, during which he was cited "for obstruction of window tinting" and "daytime running lights." Dkt. No. 3 at 1. Court proceedings followed in Navarro County, in March and August 2023. *See id.* at 2; Dkt. No. 7 at 2. And Ramirez confirms that, although he was not incarcerated based on the February 25 traffic stop, only fined, his criminal conviction has not been reversed, invalidated, or otherwise set aside. *See* Dkt. No. 7 at 1-2.

***Sua Sponte* Consideration**

Ramirez's paying the statutory filing prevents judicial screening under 28 U.S.C. § 1915.

But the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

These findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords Ramirez an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

## Discussion

### I. Immunities

It appears that Ramirez has sued police officers, a state judge, and state court employees. But, as to the judge and court employees, Ramirez has not alleged that these defendants took actions outside a judicial capacity – or, as to the court employees, that they acted other than to assist a judge in a judicial capacity. So these defendants are entitled to immunity. And the claims against them should be dismissed with prejudice.

Starting with the claims asserted in an individual capacity, "[a] judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)).

"Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11 (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))).

> There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is

> not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id.*

*Id.*; *see also Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) ("Court [employees] 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981))); *Mitchell v. McBryde*, 944 F.2d 229, 230-31 (5th Cir. 1991) ("[T]he judge's law clerk, when assisting the judge in carrying out the former's judicial functions, is likewise entitled to absolute immunity." (citations omitted)).

And, to the extent that these defendants have been sued in an official capacity, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228 (citing *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)).

## II. *Heck* Bar

Claims not barred by immunities are subject to the so-called *Heck* Bar, under which "[a] complaint fails to state a claim where it demands relief barred by *Heck v. Humphrey*." *Ray v. Recovery Healthcare Corp.*, No. 22-10303, 2022 WL 16945898, at *2 (5th Cir. Nov. 15, 2022) (per curiam) (citing *Crittindon v. LeBlanc*, 37 F.4th 177, 190 (5th Cir. 2022)). That is, a Section 1983 claim that "falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (citation omitted).

As to whether a particular civil claim is subject to the rule in *Heck*,

> [i]t is well settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'"

*Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting, in turn, *Heck*, 512 U.S. at 486-87)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam) ("In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 486-87)).

"That is because 'civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Ray*, 2022 WL 16945898, at *2 (quoting *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (quoting, in turn, *Heck*, 512 U.S. at 486)). Put differently, "*Heck* does not allow a civil rights lawsuit to be an alternative vehicle to a criminal case for challenging law enforcement decisions that resulted in arrest or prosecution unless the criminal case was resolved 'in favor of the accused.'" *Morris v. Mekdessie*, 768 F. App'x 299, 301 (5th Cir. 2019) (cleaned up; quoting *Heck*, 512 U.S. at 484).

And, as the United States Court of Appeals for the Fifth Circuit recently reaffirmed, "[t]he *Heck* rule applies whether a plaintiff is currently incarcerated or

not." *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (per curiam)); *Olivier v. City of Brandon, Miss.*, No. 22-60566, 2023 WL 5500223, at *4 (5th Cir. Aug. 25, 2023) ("[I]n this circuit, *Heck* applies even if a § 1983 plaintiff is 'no longer in custody' and 'thus [cannot] file a habeas petition.'" (quoting *Randell*, 227 F.3d at 301)).

*Heck* therefore applies even where plaintiffs "were only fined, and not confined, as a result of their convictions." *Collins v. Ainsworth*, 177 F. App'x 377, 379 (5th Cir. 2005) (per curiam) ("The convicted plaintiffs contend that because they each were only fined, and not confined, as a result of their convictions, neither habeas nor any other procedural avenue is available for challenging their convictions; and consequently their situation presents an exception to the *Heck* doctrine. This contention is barred by *Randell v. Johnson*.").

And, because Ramirez fails to show that the conviction underlying his civil claims has been reversed, invalidated, or otherwise set aside, civil claims calling that conviction into question are currently subject to the rule in *Heck* and thus not cognizable.

So, as to all claims not barred by immunities, the Court should dismiss those claims without prejudice, as a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

## Recommendation

The Court should dismiss the claims asserted against state judicial officers and their employees with prejudice as barred by immunities and dismiss the remaining claims without prejudice, as Plaintiff Edgar-Raul Ramirez's civil claims are also currently subject to the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE